16-3886-cv
*Miller v. City of New York et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
                    *Circuit Judges.*
           ROBERT N. CHATIGNY,
                    *District Judge.*[*]

---

MARILYN MILLER,

                *Appellant,*                                          16-3886-cv

         v.

THE CITY OF NEW YORK, POLICE OFFICER SONIA
YI, SHIELD #6593, DET. OMAR MEDINA, SHIELD #
4399, DET. MATTHEW LAMENDOLA, SHIELD #5425,
DET. CLAYTON BARNETT, SHIELD #737, SGT.
ALFRED SPEARMAN,

                *Appellees.*[†]

---

[*] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.
[†] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | DAVID ZELMAN, Law Office of David Zelman, Brooklyn, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | ERIC LEE (Richard Dearing, Devin Slack and Damion K.L. Stodola *on the brief), for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y. |

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 20, 2016 judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-appellant Marilyn Miller ("plaintiff" or "Miller") brought claims against the City of New York and various police officers (jointly, "defendants") pursuant to 42 U.S.C. § 1983 and New York State law. She alleged false arrest, conversion, excessive pre-arraignment delay, failure to intervene, and *respondeat superior* liability stemming from her arrest and subsequent time in police custody on May 21, 2014. The parties filed cross-motions for summary judgment. Miller now appeals from a judgment of the District Court, granting summary judgment in favor of defendants with respect to all of plaintiff's claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's grant of summary judgment. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, "we must resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotations and citations omitted).

Plaintiff, a retired NYPD officer, worked part-time as a real estate broker. As part of her job, she would regularly show apartments to potential tenants and would be paid one month's rent if the person ultimately leased an apartment from her. Plaintiff showed non-party Deena Allen several apartments. When Allen found an apartment she liked, she deposited $1,700 into plaintiff's bank account. After Allen decided that she would ultimately not rent that apartment, she requested that plaintiff return the deposit (the two had agreed at the outset that Miller would refund the $1,700 to

Allen in the event that Allen did not secure an apartment through her). After several unsuccessful attempts to retrieve the deposit herself, Allen filed a complaint with the NYPD. The police went to Miller's home to arrest her on May 21, 2014. After confirming that Miller had in fact withheld Allen's deposit, she was immediately transported to the NYPD's 81st precinct. She remained there for approximately six- and-a-half hours, or until she was able to secure the $1,700 from a family member and present it to Allen, whom the police had summoned to the station. During this process, Miller was never handcuffed or restrained. Plaintiff now argues that the District Court erred in granting summary judgment on plaintiff's claims. We disagree.

Plaintiff's false arrest claim cannot succeed if there was probable cause (or, at a minimum, *arguable* probable cause) for the officers to arrest her. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996) (citation omitted) ("The existence of probable cause to arrest . . . is a complete defense to an action for false arrest.") (internal quotation marks omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with [a] crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cty. Sheriff,* 63 F.3d 110, 119 (2d Cir.1995); *see also Curley v. Vill. Of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." (citation omitted)).

Plaintiff argues that the police improperly relied only on Allen's complaint in determining that there was probable cause to arrest plaintiff for larceny. This is not so. For one thing, when the police first arrived at Miller's home, they attempted to get her version of the facts before placing her under arrest. But even if they had not done so, it would have been proper for the police to rely only on Allen's complaint. Allen's statements to the police were substantially the same as the undisputed factual record the District Court relied upon in granting summary judgment, and the police had no reason to doubt their reliability at the time. We hold that the police's determination of probable cause was entirely proper, and thus the District Court correctly dismissed plaintiff's false arrest claim.

Miller next argues that the police officers' instruction that she would be released from the precinct without charges if she paid Allen the $1,700 owed to her amounted to unlawful conversion in violation of New York law. This claim is also without merit, and the District Court properly dismissed it. In order to prevail on a claim of unlawful conversion, plaintiff must have shown that (1) she had a possessory interest in the $1,700 and (2) defendant's dominion over the property or

3

interference with it, in derogation of plaintiff's rights. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 406 (2d Cir. 2006). Plaintiff did not have a possessory interest in the money; the undisputed factual record showed that Miller had promised to return the money to Allen in the event that Allen did not rent an apartment from her, and Miller failed to do so. The NYPD's decision to release Miller contingent upon her paying Allen the $1,7000 owed did not interfere with any valid possessory interest, nor was it in derogation of plaintiff's rights.

The District Court also correctly found for defendants with respect to Miller's claim of excessive pre-arraignment detention. A presumption of reasonableness has long applied to pre-trial detentions that last for fewer than 48 hours. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)(holding that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will … be immune from systemic challenges."). Though other factors may warrant a finding of unreasonable delay even if a probable cause determination is made within 48 hours, a court may grant summary judgment for defendants on a claim of excessive pre-arraignment detention if there are no facts under which a reasonable jury could determine that the delay was unreasonable. *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005). Plaintiff claims that her six-and-a-half hour detention was unreasonable because she was required to remain in police custody while she waited for her daughter to bring the $1,700 to the precinct, and she then had to wait until Allen arrived at the precinct to receive (and verify in writing that she had received) the deposit. Requiring that the plaintiff remain in police custody while the police secured money that plaintiff had illegally withheld from Allen was entirely reasonable (and in fact facilitated her release without charges), and did not amount to excessive pre-arraignment detention.

Because the District Court correctly found that plaintiff's constitutional rights were not violated when the police effectuated her May 21, 2014 arrest, it was also correct in dismissing plaintiff's claim that the police failed to intervene to stop a violation of her constitutional rights. Similarly, because plaintiff could not prove any of the facts underlying her state law or Section 1983 allegations, the District Court correctly dismissed plaintiff's *respondeat superior* claim.

## CONCLUSION

We have reviewed all of the remaining arguments raised by plaintiff on appeal and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4